IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAMON WILLIAMS,          )
                           )
     Plaintiffs,       )
                           )
v.                     )    CIVIL ACTION FILE
                           )    NO. 1:18-cv-04968-SCJ
BANK OF AMERICA, N.A., CEO BRIAN )
MOYNIHAN, RUBIN LUBLIN, L.L.C.,  )
CEOS GLEN RUBIN & PETER LUBLIN; )
Attorneys JODY CAMPBELL & SMITA )
GUATAM as TRUSTEE       )
                           )
     Defendants.     )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COME NOW Defendants Bank of America, N.A., ("BANA"), and Brian T.

Moynihan, individually and his official capacity as President and CEO of BANA,

("Mr. Moynihan") (collectively the "Defendants"), by and through their undersigned

counsel, and respectfully move this Court to dismiss Plaintiff, Ramon Williams'

Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 8(a) for failure to provide

a short, plain statement of any claim, and pursuant to Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief may be granted.[1]  In support thereof, Defendants provide the following memorandum of points and authorities.

## I.   <u>INTRODUCTION</u>

This is at least the third case involving Plaintiff's attempts to challenge Defendants' ability to conduct a non-judicial foreclosure sale of Plaintiff's real property following his continued default of the underlying loan.  In turn, this lawsuit arises out of Plaintiff's efforts to avoid and stall a non-judicial foreclosure sale of property following his failure to make the required mortgage payments.  The Complaint is a rambling hodgepodge of muddled legal jargon without any discernable facts filed by a pro se Plaintiff.  It appears that the Complaint asserts claims related to Plaintiff's mortgage loan regarding his residence. However, the Complaint does not identify the promissory note, the security deed, the property address, or the loan with any particularity.  In addition the Complaint utterly fails to adequately allege any contractual relationship between Plaintiff and Defendants, or a statutory basis establishing legal duties owed to Plaintiff by Defendants. The Complaint fails to place Defendants on reasonable notice of the legitimate substance of the dispute.  Defendants cannot even begin to decipher Plaintiff's allegations.  As

---

[1] Defendant does not waive its right to assert additional defenses pursuant to Fed. R. Civ. P. 12(b)(1) - (7).

best as Defendants can determine, Plaintiff's Complaint attempts to manufacture claims in an attempt to avoid an eventual lawful non-judicial foreclosure sale of property following his failure to make the required mortgage payments. Simply stated, the case *sub judice* has no merit and utterly fails to state any claim for relief. The Complaint is completely without merit and should be dismissed for the following reasons.

First, Plaintiff's Complaint is barred by the doctrines of *res judicata* and collateral estoppel. This is Plaintiff's ***third*** lawsuit against Defendants involving the same loan and the same property. Plaintiff's prior two cases were dismissed on the merits with the granting a motion for summary judgment, and a motion to dismiss for failure to state a claim for relief. Second, the Complaint is a rambling hodgepodge of muddled legal jargon without any discernable facts filed by a pro se Plaintiff. As a result, the Complaint fails to place Defendants on reasonable notice of the legitimate substance of the dispute, the allegations made against Defendants, or the relief sought for the alleged wrongdoings. The Complaint is a blatant shotgun pleading that fails to comply with Federal Rules of Civil Procedure 8(a) and fails to state a claim for relief pursuant to Rule 12(b)(6). Third, to the extent that Defendants have been able to decipher purported legal theories and causes of action from the Complaint, each are plainly based on flawed legal theories repeatedly rejected. In

sum, Plaintiff's entire Complaint fails as a matter of law and should be dismissed with prejudice.

Plaintiff's Complaint fails to raise a single plausible claim for relief against Defendants, and fails as a matter if law. Ultimately, none of Plaintiff's claims have any legal merit or are supported by factual allegations that, taken as true, would plausibly state a claim for relief. For these, and other reasons described herein, Plaintiff's Complaint should be dismissed with prejudice, and without leave to amend.

## II.   FACTUAL ALLEGATIONS[2]

This case arises out of a mortgage loan (the "Loan") on the Property owned by the Plaintiff. On April 11, 2002, Plaintiff executed a Note (the "Note") in the principal amount of $70,700.00, and Deed to Secure Debt (the "Security Deed") with his original lender Countrywide Home Loans, Inc. ("Countrywide"). The Security Deed was recorded with Fulton County Clerk of Superior Court on May 15, 2002, at Book 32390, Page 578. A true and correct copy of the Security Deed is attached

---

[2] The facts as alleged in the Complaint are taken as true for purposes of this Motion only. The "facts" and "allegations" set forth below are taken from Plaintiff's Complaint and documents that are either attached to, or referenced in, the Complaint and therefore can properly be considered by the Court in connection with Defendants' Motion to Dismiss. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). These "facts" are presented only for purposes of this Motion; Defendant does not admit them by including them here.

hereto and marked as **Exhibit A**.[3]  On or about September 7, 2011, Countrywide assigned, transferred and conveyed (the "Assignment") its interest in the Security Deed to BANA.   The Assignment was recorded with Fulton County Clerk of Superior Court on September 21, 2011, at Book 50397, Page 581.  A true and correct copy of the Assignment is attached hereto and marked as **Exhibit B**.  Thus, by way of the Assignment, all rights and interests, including the power of sale in the Security Deed were transferred and are vested with BANA.

Upon Plaintiff's default in tendering payments in accordance with the terms of the Note and Security Deed, Defendant BANA imitated a non-judicial foreclosure sale of the Property on the first Tuesday in January 2017.  As a result of the default of Plaintiff's Loan and Security Deed, BANA, accelerated the debt owed and

---

[3] The Court is permitted to take judicial notice pursuant to Fed. R. Evid. 201, of the Security Deed, and Assignment, attached as **Exhibits A, and B** which are public records, without requiring the Court to convert the Motion to Dismiss to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(d). *See* Fed. R. Evid. 201*; Huff v. Macon Behavioral Health Treatment,* 2012 U.S. Dist. LEXIS 54413, at *1 n.1 (M.D. Ga. Apr. 18, 2012); *Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice). The Court may also look to documents attached to the Complaint and those incorporated by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.  *See Pueschel v. United States,* 369 F.3d 345, 353 n. 3 (4th Cir. 2004) (citations omitted).  The Court also can review documents referenced in or attached to a complaint when considering a motion to dismiss. *See* Fed. R. Civ. P. 10(c), Fed. R. Evid. 201, Fed. R. Civ. P. 12(d); *Brooks v. Blue Cross & Blue Shield,* 116 F.3d 1364, 1369 (11th Cir. 1997).

initiated non-judicial foreclosure proceedings against the Property through the law firm of Rubin Lublin, LLC ("Rubin Lublin").  In connection with the non-judicial foreclosure sale of the Property, Rubin Lublin on behalf of BANA, sent a certified mail correspondence and U.S. Mail correspondence to Plaintiff on November 11, 2016 at the Property address that indicated that the full balance of the Loan had been accelerated, and advised that the Property was scheduled for a non-judicial foreclosure sale on January 3, 2017 (the "Notice of Foreclosure") pursuant to Plaintiff's default under the terms of the Loan and Security Deed.  The Notice of Foreclosure was addressed to Plaintiff, and mailed to the Property address at 474 Peyton Road, S.W., Atlanta, Georgia 30311.  Plaintiff has not alleged that he disputed the debt.  Plaintiff did not cure the default on the Loan and Security Deed, and did not pay the amount to Defendants to bring the Loan current or to avoid the Loan from being accelerated pursuant to the terms of the Security Deed and Loan.

Rather, in order to halt the foreclosure sale, on December 21, 2016, Plaintiff filed his first case in the Superior Court of Fulton County, styled *Ramon Williams v. Bank of America, N.A., et al,* Civil Action No. 2016CV284001 (the "First Case) asserting claims for: (1) Wrongful Foreclosure; (2) The Assignment is Fraudulent, and (3) The Real Estate Contract Waiver Provision is Unconstitutional.  On January 19, 2017, Defendant BANA filed a Motion to Dismiss the Complaint in the First

Case.  On March 1, 2017, the Superior Court entered an Order granting in part and denying in part Defendant's Motion to Dismiss.  On May 5, 2017, Defendant BANA filed a Motion for Summary Judgment.  On June 20, 2017, the Court entered an Order granting Defendant's Motion for Summary Judgment.  A true and correct of Plaintiff's Complaint in the First Case, and the Order of dismissal are attached hereto and marked as **Exhibit C & D.**[4]

Upon dismissal of the First Case, on September 29, 2017, Plaintiff filed Complaint in the Superior Court of Fulton Count, Georgia, styled *Ramon Williams v. Bank of America, N.A.,* Civil Action No. 2017CV296001 (the "Second Case"), in order to halt any forthcoming foreclosure sale.  The Second Case asserted ten (10) non-enumerated causes of action as follows: (1) Set Aside Foreclosure Sale; (2) Failure of Consideration; (3) Usury; (4) Ultra Vires; (5) Fraud in the Inducement; (6) Breach of Contract; (7) Cancellation of Security Deed; (8) Impose a Constructive Trust; (9) Civil RICO; and (10) Violation of RESPA and TILA. On October 31, 2017, Defendant BANA filed a Motion to Dismiss the Complaint in the Second Case.  On August 6, 2017, the Superior Court entered an Order granting in part and

---

[4] Judicial notice of public records and other adjudicative facts "may be taken at any stage of the proceeding."  Fed. R. Evid. 201(f); *see also Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

denying in part Defendant's Motion to Dismiss.  On December 18, 2017, the Court entered a Final Order granting Defendants' Motion to Dismiss in its entirety.  Plaintiff's Complaint in the Second Case, and the Orders of dismissal are attached hereto and marked as **Exhibit E & F.**[5]

On October 29, 2018, Plaintiff filed this current lawsuit. [Doc. 1].  This is Plaintiff's ***third*** lawsuit against Defendants involving the same loan and the same property.[6]  Plaintiff's Complaint is nonsensical and consists of rambling incoherent pages of irrelevant purported legal authority.  Plaintiff's Complaint fails to comply with the requirements in Fed. R. Civ. P. 10(b), by failing to state claims in numbered paragraphs, or to set forth any claims with particularity.  Plaintiff fails to identify specific factual matter that would support any claim and, thus, Defendants are left to sift through the multitude of unorganized paragraphs of often rambling and incomprehensible allegations to determine those that might relate in some way to any claim for relief.  As a result, Defendants now move to dismiss Plaintiff's Complaint in its entirety with prejudice.

---

[5] *See* Footnote 5 *supra.*

[6] In addition to the First Case and this current case, on June 2, 2015, Plaintiff filed a Chapter 13 Bankruptcy Case No. 15-60296-MHM (Bankr. N.D. Ga.), which was dismissed on August 14, 2015.  On May 3, 2016, Plaintiff filed another Chapter 13 Bankruptcy Case No. 16-57840-LRC (Bankr. N.D. Ga.), which was dismissed on June 7, 2016.

### III.   ARGUMENT AND CITATION OF AUTHORITIES

#### A.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  In ruling on a motion to dismiss, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and quotations omitted).  More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quotations omitted).  To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true,

'must be enough to raise a right to relief above the speculative level." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly,* 550 U.S. at 555).

**B.     Plaintiff's Complaint is an Impermissible Pleading – A Shotgun Complaint.  Plaintiff's Complaint Should Be Dismissed with Prejudice as a Shotgun Pleading.**

"Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 129 S. Ct. at 1950; *see also Twombly,* 550 U.S. at 555.  Under *Twombly* and *Iqbal,* a plaintiff is required to plead facts to support a reasonable inference that there has been some wrongdoing. *Iqbal,* 129 S. Ct. at 1949; *Twombly,* 550 U.S. at 570.  By simply concluding that Defendants have somehow harmed him as Plaintiff does here, Plaintiff fails to meet even minimum pleading standards.  *See Iqbal,* 129 S. Ct. at 1949.

The Eleventh Circuit has condemned shotgun pleadings "upwards of fifty times."  *See, e.g., Davis v. Coca-Cola Bottling Co.,* 516 F.3d 955, 979 n.54 (11th Cir. 2008).  "[S]hotgun complaints" are those in which "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001).  The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable

the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms., Inc.,* 146 Fed. App. 368, 371 (11th Cir. 2005); *see also Strategic Income Fund v. Spear, Leeds & Kellogg,* 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (describing a shotgun complaint as one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions.").

Plaintiff fails to identify specific factual matter that would support each claim. Defendants are left to sift through the multitude of paragraphs consisting of often rambling, irrelevant and incomprehensible allegations to determine those that might relate in some way to each claim for relief.  In addition, to the extent that the Complaint identifies any substantive allegations at all, those allegations are entirely conclusory without specific facts to support them, and are not tailored to any real or legitimate dispute between the parties.

Although the structure and content of Plaintiff's Complaint renders it difficult to understand precisely what legal theories Plaintiff is pursuing, any claims that may be distilled from the Complaint are clearly erroneous or improperly pled and subject to dismissal as a matter of law for failure to state a cognizable claim.  These pleading vagaries are indicative of the overall inadequacy of Plaintiff's Complaint, which fails

to comply with the notice requirements of Fed. R. Civ. P. 8(a)(2), and should be dismissed for failing to state any claim for relief.

Notwithstanding, the undersigned will address the most cognizable of Plaintiff's claims.

### C. Plaintiff's Claims Against Defendants Are Barred By Res Judicata and Collateral Estoppel.

Plaintiff's claims have already been litigated over the last two years in the Superior Court of Fulton County, Georgia.  As such, they are barred by *res judicata* and collateral estoppel.  *See* **Exhibits C-F.**

### 1.  Plaintiffs' Claims Are Barred By Res Judicata.

Under the doctrine of *res judicata*, "also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."  *Kaiser Aerospace & Elec. Corp. v. Teledyne Indus. (In re Piper Aircraft Corp.),* 244 F.3d 1289, 1296 (11th Cir. 2001).  A party seeking to invoke the doctrine of *res judicata* must satisfy four initial elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action."  *Id.*  The Supreme Court noted:

> Courts to determine the rights of parties are an integral part of our system of government. It is just as important that there should be a place to end as that there should be a place to begin litigation. After a party has his day in court, with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined. There is no reason to expect that the second decision will be more satisfactory than the first.

*Sherrer v. Sherrer,* 334 U.S. 343, 350 (1948) (citations and quotations omitted).

As demonstrated below, Plaintiffs' current lawsuit undoubtedly is barred by *res judicata*.

### a. There Was Adjudication On The Merits By The Superior Court of Fulton County, Georgia.

The first two elements for *res judicata* clearly are met. The Superior Court entered an Order granting Defendants' Motion for Summary Judgment, and Defendants' Motion to Dismiss for Failure to State a Claim for Relief dismissing Plaintiff's claims with prejudice. The Court clearly considered the merits of the Motions and granted the Motions on their merits. As a result, the first two prongs of the *res judicata* analysis are satisfied.

### b. Plaintiff's First and Second Lawsuits Involved The Same Parties Or Their Privies.

Plaintiff's First Case and Second Case named BANA as a Defendant. Plaintiff's Second Complaint and current lawsuit also named Mr. Moynihan as a Defendant. Therefore, there is no dispute that BANA and Mr. Moynihan were

parties to both of Plaintiff's lawsuits.  Thus, the Plaintiff and Defendants are in

privity for purposes of *res judicata. E.E.O.C. v. Pemco Aeroplex, Inc.,* 383 F.3d

1280, 1286 (11ᵗʰ Cir. 2004).

### c.     Plaintiff's First and Second Cases Involved The Same Operative Facts As The Current Lawsuit.

For purposes of the same causes of action prong of the *res judicata* analysis,

courts should determine whether both cases arise out of the same operative facts:

> [T]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form.  It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.

*Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1239 (11th Cir. 1999) (citations and

quotations omitted).  Moreover, if the claims in the new lawsuit could have been

raised in the prior lawsuit, then *res judicata* applies.  *In re Piper Aircraft Corp.,* 244

F.3d 1289, 1296 (11th Cir. 2001).

Plaintiff could have raised the same causes of action in the First Case and

Second Case, and he appears to actually be making some of the same baseless

arguments and erroneous legal conclusions in all of the lawsuits.  There should be

no dispute that Plaintiff had every opportunity to raise any matter related to

Defendants' alleged wrongdoing in the First Case and Second Case. Therefore, based on *res judicata*, the Court should dismiss Plaintiff's current lawsuit.

### 2. Plaintiff's Claims Are Barred By Collateral Estoppel.

The Complaint must be dismissed because the Plaintiff's claims are barred by the doctrine of collateral estoppel. Collateral estoppel bars re-litigation of an issue previously decided "if the party against whom the prior decision is asserted had a full and fair opportunity to litigate that issue in an earlier case." *United States v. Weiss,* 467 F.3d 1300, 1308 (11th Cir. Fla. 2006) (citation omitted). The party seeking to invoke collateral estoppel must establish that (1) the issue in the pending case is identical to that decided in a prior proceeding; (2) the issue was necessarily decided in the prior proceeding; (3) the party to be estopped was a party or was adequately represented by a party in the prior proceeding; and (4) the precluded issue was actually litigated in the prior proceeding. *Id.*

In the pending case, (1) the issues are identical to the First Case and Second Case; (2) Plaintiff has named BANA and Mr. Moynihan again as Defendants; and (3) whether or not Defendants acted improperly or wrongfully in attempting to foreclose were litigated and decided in the previous litigation.

Accordingly, Plaintiff's Complaint is barred by the doctrine of collateral estoppel. This longstanding principle is applied to protect defendants from

harassment, abusive litigation, and from defending duplicative claims from the same parties.  For this reason alone, this lawsuit should be promptly and expediently dismissed in its entirety as a matter of law with prejudice.

Even if res judicata and collateral estoppel did not completely preclude Plaintiff's causes of action, they nevertheless fail to state a claim upon which relief could be granted. Although Plaintiff's Complaint should be dismissed for the foregoing reasons alone, each of Plaintiffs' purported counts fail as a matter of law. While nearly impossible to discern, it appears that the Complaint primarily asserts various claims and forms of relief based on the erroneous allegation that "the bank does not loan money, the bank merely switches the currency.  The alleged borrower created money or currency by simply signing the mortgage note.  The bank does not sign the mortgage note because they know they will not loan you their money.  The mortgage note acts like money, to make it look like the bank loaned you money." [Doc. 1, at 9].  In essence, it appears that Plaintiff is asserting claims based upon a vapor money theory claim, and the erroneous allegation that the Bank failed to lend Plaintiff money to purchase the Property.  Based upon this false premise, it appears Plaintiff is asserting the following counts: (1) a claim for a violation of Plaintiff's civil rights under 42 U.S.C. § 1983, and depriving him of the Property in violation

of due process of law; (2) vapor money theory; (3) fraud, (4) to void the Note and Security Deed. [Doc. 1, at 42-44].

### D. Plaintiff's Allegation that He Was Not Loaned Money is Erroneous.

It appears that Plaintiff is asserting a claim for fraud based upon a general theme throughout the Complaint, that they were not loaned money, but rather credit and, thus, do not have a loan to pay back. [Doc. 1, at 1-9]. It is unclear exactly how Plaintiff believes this to be true. Additionally, this very allegation is contradicted by the promissory note and Security Deed that Plaintiff signed to obtain the loan to purchase or re-finance the Property. Accordingly, Plaintiff acknowledged that he received a loan and agreed to pay it back. Thus, he cannot now state that he does not have to pay any money back and this allegation should be dismissed with prejudice.

In fact, Plaintiff's claims are akin to a "vapor money" theory. This theory, also known as the "unlawful money theory," has been prevalent among *pro se* plaintiffs asserting claims for mortgage-related disputes. Both theories have been uniformly rejected by other courts in the Northern District of Georgia as frivolous See e.g., Montoya v. Branch Banking & Trust Co., No. 1:11–CV–01869–RWS, 2012 WL 826993, *7-8 (N.D. Ga., March 9, 2012) ("This Court has previously held the "vapor money" theory to be frivolous, and courts across the country have rejected

it uniformly."); <u>Buckley v. Bayrock Mortgage Corp.</u>, No. 1:09-CV-1387-TWT, 2010 WL 476673, *7-10 (N.D. Ga., Feb. 5, 2010) ("As defendants note, however, courts have uniformly rejected these [vapor theory and unlawful money theory] and similar arguments.").

As a result, Plaintiff's claim for fraud based upon lack of consideration must be dismissed with prejudice.

### E. Plaintiff Fails to State a Claim for a Civil Rights Violation Pursuant to 42 U.S.C. § 1983.

Even if res judicata and collateral estoppel did not completely preclude Plaintiff's causes of action, they nevertheless fail to state a claim upon which relief could be granted. Although Plaintiff's Complaint should be dismissed for the foregoing reasons alone, each of Plaintiffs' purported counts fail as a matter of law. While nearly impossible to discern, it appears that the Complaint primarily asserts various claims and forms of relief based on the erroneous allegation that "the bank does not loan money, the bank merely switches the currency.  The alleged borrower created money or currency by simply signing the mortgage note.  The bank does not sign the mortgage note because they know they will not loan you their money.  The mortgage note acts like money, to make it look like the bank loaned you money." [Doc. 1, at 9].  In essence, it appears that Plaintiff is asserting claims based upon a vapor money theory claim, and the erroneous allegation that the Bank failed to lend

Plaintiff money to purchase the Property.  Based upon this false premise, it appears Plaintiff is asserting the following counts: (1) a claim for a violation of Plaintiff's civil rights under 42 U.S.C. § 1983, and depriving him of the Property in violation of due process of law; (2) vapor money theory; (3) fraud, (4) to void the Note and Security Deed. [Doc. 1, at 42-44].

It appears that Plaintiff asserts a claim for violations of Plaintiff's civil rights, including, depriving him of property without due process of law under 42 U.S.C. § 1983. [Doc. 1, at 45].  Section 1983 provides: "Every person who, under color of any statute ... of any State ... subjects ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law. . . . ." 42 U.S.C. § 1983. As the Supreme Court has explained, "the under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Section 1983 state's action requirement requires "both an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Sullivan,*

526 U.S. at 50. (citations and quotation marks omitted, emphasis in original). "State action" may be found only if there is such a "close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tenn. Secondary School Athletic Ass'n,* 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001). Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes. *Baker v. McCollan,* 99 S.Ct. 2689, 2694 n. 3 (1979). Section 1983 claims may not be brought against a private entity, such as Defendants, unless the entity was acting under the color of federal of state law. *Brandon v. Lockeed Martin Aeronautical Sys.,* 393 F.Supp.2d 1341, 1354-55 (N.D. Ga. 2005); *Reynolds v. Glynn County Bd. Of Educ.,* 968 F.Supp. 696, 704 (S.D. Ga. 1996) ("Section 1983 actions require a plaintiff to show (1) that the actions complained of were done by a person acting under color of state law, and (2) that the challenged actions deprived plaintiff of rights secured by the Constitution or federal law.")

Plaintiff fails to allege any facts to support that Defendants are state actors. "Although national banks are heavily regulated by federal statutes and regulations ... national banks are not so much the 'instrumentalities' of the federal government that its officers are agents of the federal government." *Morast v. Lance,* 807 F.2d

926, 931 (11th Cir. 1987).  A nonjudicial foreclosure sale does not involve "state action" as required to assert a claim under Section 1983 for a constitutional rights violation. *Crooked Creek Props., Inc. v. Hutchinson,* 432 F.App'x 948, 950 (11th Cir. 2011) ("The due process claim ... is meritless because a foreclosure sale by a private mortgagee does not involve state action.").  Plaintiff has not, and cannot, allege facts sufficient to support that Defendants were acting under color of state law in attempting to foreclose on Plaintiff's property. Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983, and the claim should be dismissed.

### F.  Plaintiff Fails to State a Claim for Fraud.

Plaintiff fails to state a claim for fraud as a matter of law.  It appears that Plaintiff is alleging that Defendants committed fraud by misrepresenting that BANA loaned Plaintiff money to purchase the Property, and that Defendants have standing to conduct a foreclosure sale. [Doc. 1, at 44].  However, Plaintiff's fraud claim fails as a matter of law because Plaintiff fails to allege any specific fraudulent conduct or misrepresentations made by Defendants to Plaintiff, aside from Plaintiff's sweeping and conclusory accusations.

Under Georgia law, the tort of "fraud" has five essential elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5)

damages.  *Lehman v. Keller,* 297 Ga. App. 371, 372-73, 677 S.E.2d 415, 417 (2009).

Further, under Federal Rule of Civil Procedure 9(b), a party must state with

particularity "the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); *see Currie*

*v. Cayman Resources Corp.,* 595 F. Supp. 1364, 1371 (N.D. Ga. 1984) (holding that

under Rule 9(b), a pleader must "include all the elements of fraud" and must

"specifically aver the circumstances constituting fraud").

In this case, Plaintiff fails to identify a single false statement made by

Defendants – much less provide the time and place of that statement, or explain how

the statement misled Plaintiff and benefitted Defendants.  *Lehman,* 297 Ga. App.

371 (2009); *Brooks,* 116 F.3d at 1371.  Plaintiff failed to allege any statements made

by Defendants.  As a result, Plaintiff has failed to establish a prima facie case for

fraud, and the claim should be dismissed with prejudice.

### G. Plaintiff Fails to State a Claim to Cancel the Security Deed.[7]

It appears that Plaintiff is asserting a claim to void the Security Deed. [Doc. 1, at 44]. Under Georgia law, one is also not entitled to the equitable remedy of cancellation of a mortgage or deed of trust unless one has paid off the underlying obligation. *See generally Taylor, Bean & Whitaker Mortgage Corp. v. Brown,* 276 Ga. 848, 583 S.E.2d 844 (2003) (reversing the trial court's decision to cancel a security deed after a borrower obtained a default judgment against MERS and partial summary judgment against MERS and Taylor, Bean & Whitaker Mortgage Corp.). Additionally, O.C.G.A. § 23-1-10 provides that "[h]e who would have equity must do equity." "Equity will not decree the cancellation of an instrument where anything of value has been received until repayment is either made or tendered, or the defendant has stated that, should a tender be made, it would be refused." *Wilson v. McAteer,* 206 Ga. 835, 59 S.E.2d 252 (1950).

---

[7] The claim to void the Security Deed also fails because of the additional equitable defense of ratification. Ratification is conduct that indicates an intention, with full knowledge of the facts, to affirm a contract which the person did not enter into or which is otherwise void or voidable. *Still Polecat Indus., Inc.,* 683 So.2d 634 (Fla.Dist.Ct.App. 1996). If a party knows of the wrongful conduct at issue, does not reject it, and takes any material act inconsistent with intent to avoid it or delays in asserting any remedial rights, then the party ratifies the transaction. *Citron v. Wachovia Mortg. Corp.,* 922 F.Supp.2d 1309, 1321 (M.D. Fla. 2013). In this case, Plaintiff made payments on the Loan, and admitted making such payments as a defense to Defendants conducting a foreclosure sale in the Second Case. **Exhibit C, page 6, ¶ 16.**

Plaintiff has failed to allege that he is ready and willing to tender the amount due under the Loan.  Therefore, his claim to void the Security Deed fails as a matter of law.

## IV.   **CONCLUSION**

WHEREFORE, for the above and foregoing reasons, this Court should grant Defendants' Motion to Dismiss pursuant to Rules 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to set forth facts showing that Plaintiff is entitled to relief, and failure to state a claim upon which relief may be granted. Defendants also request such other and further relief as the Court deems just and appropriate.

This 28th day of November, 2018.

_____/s/ Paul A. Rogers_____
Paul A. Rogers
Georgia Bar No. 612278
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5636 (Telephone)
(404) 443-5772 (Facsimile)
progers@mcguirewoods.com

*Attorneys for Defendants Bank of America, N.A., Countrywide Home Loans, Inc., and CEO, Brian T. Moynihan.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAMON WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:18-cv-04968-SCJ |
| BANK OF AMERICA, N.A., CEO BRIAN | ) | |
| MOYNIHAN, RUBIN LUBLIN, L.L.C., | ) | |
| CEOS GLEN RUBIN & PETER LUBLIN; | ) | |
| Attorneys JODY CAMPBELL & SMITA | ) | |
| GUATAM as TRUSTEE | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on November 28, 2018, I electronically filed the foregoing

*Memorandum of Law In Support of Defendant's Motion to Dismiss Plaintiff's*

*Complaint* with the Clerk of the Court using the CM/ECF System, which served a

copy on all counsel of record, and mailed a true copy of same via First-Class Mail,

postage prepaid, addressed to:

Ramon Williams
474 Peyton Road, SW
Atlanta, Georgia 30311
Bret J. Chaness, Esq.

Smita Gautam, Esq.
RUBIN LUBLIN, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
*Attorneys for Defendant Rubin Lublin, LLC*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

_____/s/ Paul A. Rogers_____
Paul A. Rogers